

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARK SIMPSON,

                                Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
JONMICHE LOBOSCO, shield # 30245, POLICE
OFFICERS JOHN DOES 1-10,

                                Defendants.

------------------------------------------------------------------x

**COMPLAINT**

3801

Jury Trial Demanded

SIFTON J

POHORELSKY, M.J

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and individuals employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on March 14, 2008, NYPD officers subjected him to false arrest, excessive force and fabricated evidence in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Jonmiche Lobosco and Police Officers John Does 1-10 are members of the NYPD who were involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

7. On March 14, 2008, at approximately 9:45 p.m., across the street from 395 Ocean Avenue, Brooklyn, New York, Police Officer Jonmiche Lobosco and several other unidentified police officers seized plaintiff and some of his friends and family members without cause.

8. The officers, acting in concert, searched plaintiff and the other members of his group.

9. No illegal contraband was found on plaintiff or on any other member of his group.

10. Plaintiff asked the officers the reason why he was stopped and searched.

11. The officers refused to give plaintiff an answer.

12. Plaintiff verbally objected to the officers' actions of seizing and searching him without cause.

2

13. In response, some of the officers subjected plaintiff to excessive force.

14. Officers punched plaintiff, kicked him, twisted his arms and struck him with a blunt object.

15. Officers took plaintiff and some members of his group to the 70th Precinct for arrest processing.

16. While plaintiff was confined in the precinct, Officer Lobosco, pursuant to a conspiracy with other officers, fabricated a story that plaintiff was found in possession of marijuana and resisted arrest.

17. Officer Lobosco prepared police reports containing the false allegations.

18. On March 15, officers took plaintiff to Brooklyn Central Booking to await arraignment.

19. While plaintiff was confined in Central Booking, Officer Lobosco, pursuant to a conspiracy with other officers, misrepresented to a prosecutor employed by the Kings County District Attorney's Office that plaintiff was found in possession of marijuana and resisted arrest.

20. As a result of Lobosco's misrepresentation, false charges were filed against plaintiff.

21. On March 17, plaintiff was arraigned in Criminal Court, Kings County.

22. The presiding judge released plaintiff on his own recognizance and ordered him to return to court on April 16, 2008.

23. On April 16, 2008, the false charges filed against plaintiff were adjourned in contemplation of dismissal.

24.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, and a loss of liberty.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICER JONMICHE LOBOSCO AND JOHN DOES 1-10

25.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26.     The conduct of Police Officer Jonmiche Lobosco and John Does 1-10, as described herein, amounted to false arrest, excessive force and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

27.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28.     The City of New York directly caused the constitutional violations suffered by plaintiff.

29.     Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that the officers involved in the present case are unfit officers who frequently commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

30. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: September 17, 2008
Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

_____
RICHARD J. CARDINALE

5